Main Document    Page 1 of 8

SCOTT J. TEPPER (S.B. #51693)
GARFIELD & TEPPER
A Partnership of Professional Corporations
1801 Century Park East
Suite 2300
Los Angeles, California 90067-2325
Tel: (310) 277-1981
Fax (310) 277-1980

Attorneys for Plaintiff Serena H.S. Thomas

FILED
JAN 30 2008

ENTERED
JAN 30 2008

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>BARRY MARK HARMAN,<br><br>Debtor;<br><br>―――――――――――――――<br><br>SERENA H.S. THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID SEROR, CHAPTER 7 TRUSTEE, AND BARRY MARK HARMAN,<br><br>Defendants. | CASE NO. 1:06-10811 MT<br><br>Chapter 7<br><br>Adversary Case No. 1:07-01160-MT<br><br>[PLAINTIFF'S PROPOSED] *NOT*<br>JUDGMENT ON ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>Summary Judgment Hearing<br><br>Date:       January 30, 2008<br>Time:                 11:00 a.m.<br>Place:    21041 Burbank Blvd., Room 302,<br>              Woodland Hills, CA 91367 |

After consideration of the papers and evidence in support of and in opposition to plaintiff Serena H.S. Thomas' motion for summary judgment, and after hearing argument and being fully apprised in the premises, the Court determines that the following facts have been

established as uncontroverted facts, and therefore finds and concludes as follows:

## MOTION FOR SUMMARY JUDGMENT BASED ON UNAPPROVED AND UNENFORCEABLE PUBLIC ADJUSTER'S CONTRACT

As to the motion for summary judgment, based on an unapproved Public Adjuster contract, the court finds the following facts have been proven:

### Findings of Fact

1. On April 28, 2005, Barry M. Harman, a California Licensed Public Adjuster, proposed that Miss Thomas enter into a Public Adjuster contract with him concerning claims Miss Thomas had against Allstate.

2. According to Mr. Harman, the Public Adjuster contract consisted of a one page "Appointment, Designation and Consent," a two page "Standard Client Engagement Agreement, Assignment and Power of Attorney," a one page "Notice of Cancellation," and a one page "Rate Schedule."

3. Miss Thomas executed the proposed Public Adjuster contract on or about May 10, 2005.

4. Mr. Harman included the one page "Rate Schedule" as a part of his Public Adjuster contract and in prior proceedings in this case used it as the basis for seeking a fee from Miss Thomas in excess of 20% of the recovery which Miss Thomas obtained from Allstate.

5. Mr. Harman **did not have the** approval of the California Department of Insurance to use the one page **"Rate Schedule"** as part of his Public Adjuster contract during calendar year 2005, and the **California Department of Insurance** did not approve the Public Adjuster contract which **included the one page** "Rate Schedule" for Mr. Harman to use during 2005.

As to the first motion, **based upon the above** findings of fact, the court concludes as to the law as follows:

### Conclusions of Law

1. The court has jurisdiction over this matter as a core proceeding under 28 U.S.C.

2

1  § 157(b)(2)(A), (E), and (O). Venue is proper in this District and Division.

2.  California state law governs the contractual and public adjuster-client relationships between plaintiff and Mr. Harman.

3.  California Insurance Code § 15027 prohibited Mr. Harman from representing Miss Thomas in his capacity as a Public Adjuster unless Mr. Harman first entered into a written contract with Miss Thomas on a form approved by the California Insurance Commissioner.

4.  Since Mr. Harman did not enter into a written contract with plaintiff that was approved by the California Insurance Commissioner, Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in his capacity as a Public Adjuster in connection with the claims she had against Allstate.

5.  Since Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in connection with the claims she had against Allstate in his capacity as a Public Adjuster, neither Mr. Harman nor the bankruptcy estate which claims through him, is entitled to any recovery from plaintiff based on the contract.

6.  Since Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in connection with the claims she had against Allstate in his capacity as a Public Adjuster, neither Mr. Harman, nor the bankruptcy estate which claims through him, is entitled to lien any of plaintiff's recovery from Allstate based on the contract.

## MOTION FOR SUMMARY JUDGMENT BASED ON DEFENDANT HARMAN'S INABILITY TO RECOVER IN *QUANTUM MERUIT*

As to the second motion for summary judgment, based on a request that the court declare that defendant Harman may not recover based on *quantum meruit*, the court finds the following facts have been proven:

### Findings of Fact

1.  On April 28, 2005, Barry M. Harman, a California licensed Public Adjuster, proposed that Miss Thomas enter into a Public Adjuster contract with him concerning claims Miss Thomas had against Allstate.

2. According to Mr. Harman, the Public Adjuster contract consisted of a one page "Appointment, Designation and Consent," a two page "Standard Client Engagement Agreement, Assignment and Power of Attorney," a one page "Notice of Cancellation," and a one page "Rate Schedule."

3. California Insurance Code § 15027 prohibited Mr. Harman from representing Miss Thomas in his capacity as a Public Adjuster unless Mr. Harman first entered into a written contract with Miss Thomas on a form approved by the California Insurance Commissioner.

4. Since Mr. Harman did not enter into a written contract with plaintiff that was approved by the California Insurance Commissioner, Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in his capacity as a Public Adjuster in connection with the claims she had against Allstate.

5. Since Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in connection with the claims she had against Allstate in his capacity as a Public Adjuster, neither Mr. Harman nor the bankruptcy estate which claims through him, is entitled to any *quantum meruit* recovery from plaintiff.

6. Since Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in connection with the claims she had against Allstate in his capacity as a Public Adjuster, **neither Mr. Harman, nor the bankruptcy** estate which claims through him, is entitled to lien **any of plaintiff's recovery** from Allstate based on a claim founded on *quantum meruit*.

As to the second motion, **based upon the above findings of fact, the court concludes** as to the law as follows:

Conclusions of Law

1. The court has jurisdiction over this matter as a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). **Venue is proper in this District and Division.**

2. California state law governs the contractual and public adjuster-client relationships between plaintiff and defendant Harman.

4

3. California Insurance Code § 15027 prohibited Mr. Harman from representing Miss Thomas in his capacity as a Public Adjuster unless Mr. Harman first entered into a written contract with Miss Thomas approved by the California Insurance Commissioner.

4. Since Mr. Harman did not enter into a written contract with plaintiff approved by the California Insurance Commissioner, Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in connection with the claims she had against Allstate in his capacity as a Public Adjuster and neither Mr. Harman nor the bankruptcy estate which claims through him, is entitled to any *quantum meruit* recovery from plaintiff.

5. To permit a *quantum meruit* recovery in this case would be contrary to California law and public policy since it would render nugatory the statutory scheme in the California Insurance Code regulating Public Adjusters, including the provision that Public Adjusters represent insureds only after insured and the adjuster enter into a written contract whose terms are approved by the California Insurance Commissioner.

6. Since Mr. Harman was prohibited by Insurance Code § 15027 from representing Miss Thomas in connection with the claims she had against Allstate, in his capacity as a Public Adjuster, neither Mr. Harman, nor the bankruptcy estate which claims through him, is entitled to lien any of plaintiff's recovery from Allstate based on a claim founded on *quantum meruit*.

As a result of the foregoing findings of fact and conclusions of law, it is hereby ORDERED, ADJUDGED and DECREED that plaintiff shall have judgment from defendants, and each of them, as follows:

1. The court hereby ORDERS, ADJUDGES, DECREES and DECLARES that the Public Adjuster contract is unenforceable under California law, since it was not approved by the California Insurance Commissioner, and neither Mr. Harman nor the bankruptcy estate has a lien or claim to any portion of plaintiff's settlement with Allstate Insurance Company; and/or

2. The court further ORDERS, ADJUDGES, DECREES and DECLARES that the neither Mr. Harman nor the bankruptcy estate has a lien or claim to any portion of

1  plaintiff's settlement with Allstate Insurance Company based on the theory of *quantum*

2  *meruit* for work performed by Mr. Harman in his capacity as a Public Adjuster..

3      3.    It is further ORDERED, ADJUDGED and DECREED that plaintiff is entitled

4  to the balance of the proceeds deposited into the court pursuant to this Court's Substitute

5  order filed and entered on November 26, 2007, and the Clerk of Court is directed to pay out

6  to plaintiff, care of her counsel of record, the remaining proceeds deposited into court

7  pursuant to the substitute order (less the amount that the clerk has deducted from the income

8  earned on the investment as a fee, as authorized by the Judicial Conference of the United

9  States and set by the Director of the Administrative Office).

10  ~~4.     It is further ORDERED, ADJUDGED and DECREED that plaintiff is entitled~~ *MT*

11  ~~to her costs of suit from defendant Barry M. Harman, and that the amount thereof is~~

12  ~~$~~

13      SO ORDERED.

14  Dated: January 30, 2008

                                        /s/ Maureen Tighe
                                        MAUREEN TIGHE
15                                          UNITED STATES BANKRUPTCY JUDGE

6

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES} ss:

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, Suite 2300, Los Angeles, California 90067-2325.

On January 29, 2008 I served the foregoing document described as [PLAINTIFF'S PROPOSED] JUDGMENT ON ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; FINDINGS OF FACT AND CONCLUSIONS OF LAW on the interested parties in this action [X] by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list; or [ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

      See attached mailing list

[X] (By Mail)

I deposited such envelopes in the location in our firm for outgoing mail. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[X] (By Personal Service/Next Day Courier Service/E-Mail)

    [ ]    I [ ] caused such envelopes to be personally delivered via messenger service, or [ ] personally delivered such envelopes, to the offices of the addressees.

    [ ]    I delivered such envelopes to Federal Express with carriage for next business day delivery fully prepaid, with the bills of lading requesting that they be delivered the next business morning to the addressees.

    [X]    I also sent a copy of the document, as a professional courtesy, to each indicated addressee's e-mail address as an Adobe Acrobat .pdf attachment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 29, 2008 at Los Angeles, California.

SCOTT J. TEPPER  
**TYPE OR PRINT NAME**                  **SIGNATURE**

7

## ATTACHED MAILING LIST

Peter A. Davidson, Esq. (*also via e-mail*)
Howard I. Camhi, Esq. (*also via e-mail*)
Moldo, Davidson, Fraioli, Seror & Sestanovich
2029 Century Park East, 21st Floor
Los Angeles, CA 90067          Attorneys for Defendant Trustee

David Dorenfeld, Esq. (*also via e-mail*)
Snyder Dorenfeld, LLP
24011 Ventura Blvd., Suite 200
Calabasas, CA 91302          Attorneys for Debtor and Defendant

Office of the U.S. Trustee
San Fernando Valley
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367          U.S. Trustee

8